UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| MICHAEL P. MCKINNEY, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | NO. 1:08 CV 112 JM |
| SHERIFF OTIS ARCHEY, *et al.*, | ) |  |
| Defendants. | ) |  |

## OPINION AND ORDER

Michael P. Mckinney, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983 alleging the defendants violated his Eighth Amendment rights. (Complaint, Docket # 1).

Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than

what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, __ U.S. __; ___127 S. Ct. 1955 (2007).

*Erickson v. Pardus*,127 S. Ct. 2197, 2200 (2007) (parallel citations omitted).

> While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3(quotation marks and citation omitted). Nevertheless,

> A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Cf.* FED. RULE CIV. PROC. 8(f) ("All pleadings shall be so construed as to do substantial justice").

*Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quotation marks and citations omitted). However, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. at 1965, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted).

DISCUSSION

After being ordered to reset a "high voltage electrical breaker" while working in the Grant County Jail kitchen, McKinney alleges he was "electrocuted." As a result of the severe shock he received, McKinney maintains he now has a "serious heart condition." (Docket # 1 at 3-4). McKinney declares he has no prior electrical experience. Moreover, he claims the "faulty and defective" condition of the electrical breaker made the risk of injury from electrical shock obvious. (Docket # 1 at 4). As defendants, McKinney names Tracey Hanney, a kitchen supervisor, two police officers, Corporal Surgart and Sergeant Randy Abertson, and the Grant County Sheriff, Otis Archey.[1]

Prisoners' work assignments are conditions of confinement under the Eighth Amendment. *See Powers v. Snyder*, 484 F. 3d 929 (7th Cir. 2007) (requiring prisoner to work at job that required walking and lifting prison officials refused prisoner walking cane despite arthritis in hip). The Eighth Amendment "forbids knowingly compelling an inmate to perform labor that is beyond the inmate's strength, dangerous to his or her life or health, or unduly painful." *Ambrose v. Young*, 474 F 3d 107-0 (8th Cir. 2007) *citing Sanchez v. Taggart*, 144 F.3d 1154, 1156 (8th Cir. 1998); *Bagola v. Kindt*, 131 F 3d 632 (7th Cir. 1997)(recognizing need for *Bivens* remedy where statutory workers compensation

---

[1]Although he also alleges the AMCO Elevator Inc., and the Grant County Security Complex violated his Eighth Amendment rights, McKinney does not specifically name them as defendants.

scheme inadequate to address prisoner work-related injury claims that constitute Eighth Amendment violations).

Accordingly, the Court must analyze McKinney's claims under the Eighth Amendment's prohibition against the infliction of "cruel and unusual punishment." *Wilson v. Seiter*, 111 S. Ct. 2321 (1991). *Wilson* clarifies that the Court must apply both an objective and a subjective test to determine whether specified conditions of confinement violate the Eighth Amendment. *Id*. at 2324. To provide an arguable basis for his claim, McKinney must allege that each "official knows of and disregards an excessive risk to inmate safety." *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994)(citations omitted).

The question of the defendants' culpability is subjective, but the risk involved is evaluated on an objective basis. In order to constitute an Eighth Amendment violation, an allegedly dangerous prison condition must deprive an inmate of "the minimal civilized measure of life's necessities."An "objectively 'sufficiently serious'" risk, is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency. The courts have subjected various dangerous working conditions to constitutional scrutiny. Cf. *Hall v. Bennett*, 379 F.3d 462, 464-65 (7th Cir. 2004) (risk of electrocution from working on live 400-volt line without protective gloves); *Bagola v. Kindt*, 39 F.3d 779, 780 (7th Cir.1994) (risk of amputation from dangerous machinery); *See also Christopher v. Buss*, 384 F.3d 879, 882-83 (7th Cir. 2004)(collecting cases); *Fruit v. Norris*, 905 F.2d 1147, 1150-51 (8th Cir. 1990) (exposure without protective gear to raw sewage inside a well with temperatures reaching 125 degrees); *Wallis v. Baldwin*, 70 F.3d 1074, 1075-77 (9th Cir. 1995) (exposure to asbestos with inadequate protective gear).

4

Electricity and the means used to conduct it are inherently dangerous. The risk of electrical shock from equipment that provides electricity is not one that "today's society chooses not to tolerate," however. *See Helling v. Mc Kinney*, 509 U.S. 25, 35-36 (1993). Indeed, today's society could not function without electricity. By having an electrical breaker in the kitchen where prisoners worked, the defendants did not create an "excessive risk" to the plaintiff's "health and safety" in violation of the Eighth Amendment. Although he does not provide any facts to support his conclusion, McKinney says the electrical breaker was obviously "faulty and defective." Despite the absence of facts to support the inference that the risk of shock from the electrical breaker was obvious, it cannot be reasonably disputed that working with electricity presents an objectively serious risk.

Under the subjective test, McKinney must allege the defendants were deliberately indifferent to a serious risk of substantial harm. Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). The defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991).

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

*Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). Deliberate indifference is a very high standard.

Although he has no "prior electrical experience," McKinney states he was told to "reset" the electrical breaker. He does not allege and it would not be reasonable to infer the kitchen supervisor knew he did not have electrical experience. Again, McKinney does not disclose the actions involved to reset the electrical breaker. Unless he was compelled to do something requiring specialized knowledge or experience, McKinney's lack of experience does not tend to show the kitchen supervisor was deliberately indifferent to the risk of shock from resetting the electrical breaker. A flip of a switch may be all that was required of him; McKinney states that "[a]s soon as I touched the switch, I was immediately electrocuted and throw[n] to the floor." (Docket # 1 at 3).

Significantly, McKinney does not allege the kitchen supervisor or any other defendant knew the electrical breaker was defective. While he contends the condition of the breaker made the risk of shock obvious and could support the conclusion that the staff knew of the risk, he does not claim any staff actually knew about the breaker's condition. A risk can be so obvious that a jury may reasonably infer actual knowledge on the part of the defendants sufficient to satisfy the subjective component of the deliberate indifference standard. *See Hall*, 379 F. 3d at 464, *citing Farmer v. Brennan*, 511

6

U.S. 825, 842 (1994)(additional citations omitted). But, McKinney does not allege the electrical breaker's location made its condition readily apparent. Nor does he allege any staff had previously received complaints about the risk the electrical breaker's condition posed. Based upon the allegations in McKinney's complaint, a jury could not reasonably conclude the defendants possessed the requisite mental state.

McKinney claims officers Surgart and Abertson violated his Eighth Amendment rights by not providing him "immediate emergency medical attention." (Docket # 1 at 4). The Eighth Amendment requires the government "to provide medical care for those whom it is punishing by incarceration." *Snipes v. Detella*, 95 F.3d 586, 590 (7th Cir.1996) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Williams v. Liefer*, 491 F.3d 710, 714 (7th Cir. 2007); *Gutierrez v. Peters*, 111 F.3d 1364, 13697th Cir. 1997). A medical need is "serious" for Eighth Amendment purposes if it is either one that a physician has diagnosed as mandating treatment, or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Gutierrez v. Peters,* 111 F.3d at 1373. Receiving an electrical shock strong enough to throw one to the floor is a serious medical need that even a lay person would easily recognize commands a doctor's attention. However, McKinney does not allege and it would not be reasonable to infer he did not receive any medical attention. Under the circumstances it cannot be

7

reasonably inferred the officers were deliberately indifferent to his need for medical care.

McKinney alleges the sheriff violated his duty to provide a reasonably safe environment. (Docket # 1 at 4). Since the kitchen supervisor appears to be the only defendant directly involved in the incident, McKinney relies upon the responsibility imposed upon the sheriff by virtue of his position. The doctrine of respondeat superior cannot be used to hold a supervisor liable for conduct of a subordinate that violates a plaintiff's constitutional rights. Supervisory liability will be found, however, if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it. That is, to be liable for the conduct of subordinates, a supervisor must be personally involved in that conduct. Supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable. The supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citations and quotation marks omitted). McKinney does not allege, and it would not be reasonable to infer from the complaint, that Sheriff Archey had any personal knowledge of the kitchen supervisor's instructions or the electrical breaker's condition.

Section 1983 protects only rights guaranteed by federal law, and does not create tort claims for which there are adequate remedies under state law. McKinney has no federal law claim arising from any injury he sustained as a result of being severely shocked by a faulty electrical breaker, but that does not mean he may not pursue a tort

claim in state court. Therefore, the Court will dismiss this case without prejudice to McKinney's ability to bring his claims in an appropriate state court.

For the foregoing reasons, the Court, pursuant to 28 U.S.C. § 1915A, **DISMISSES** this cause of action **WITHOUT PREJUDICE** to the plaintiff's right to bring these claims in state court.

**SO ORDERED.**

DATE: August 19, 2008

 s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT